

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2004

# NLRB v. Local 13000

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4077

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"NLRB v. Local 13000" (2004). *2004 Decisions*. Paper 141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4077
_____

NATIONAL LABOR RELATIONS BOARD,

Petitioner

v.

COMMUNICATIONS WORKERS OF AMERICA,
AFL-CIO, LOCAL 13000,

Respondent
_____

Application for Enforcement of an Order
of the National Labor Relations Board
(Board Docket Nos. 6-CB-10814 and 6-CB-10830)
_____

Submitted Under Third Circuit LAR 34.1(a)
October 29, 2004

Before: SCIRICA, *Chief Judge*, FISHER and GREENBERG, *Circuit Judges*.

(Filed November 8, 2004)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Petitioner National Labor Relations Board (the "Board") seeks to enforce its order

in connection with its finding that Respondent Communications Workers of America,

AFL-CIO, Local 1300 ("CWA") violated § 8(b)(1)(A) of the National Labor Relations Act (the "Act") by prosecuting and fining Susan Irving and Margaret Eichner for working mandatory overtime. We will enforce the order.

The Board properly exercised jurisdiction over the unfair labor practices action against the CWA under § 10(a) of the Act. *See* 29 U.S.C. § 160(a). The Board's order is final under § 10(e) of the Act. *Id.* at § 160(3). Because the underlying unfair labor practices at issue took place in Pennsylvania, we have jurisdiction to consider the Board's timely application to enforce its order under § 10(e) of the Act. *Id.*

On August 29, 2003, the Board concluded that the CWA had violated § 8(b)(1)(A) of the Act by prosecuting and fining Irving and Eichner for working mandatory overtime for Verizon. The Board issued an order requiring the CWA to do or refrain from doing a host of things. Pertinent to this appeal, the order required the CWA to mail a copy of a remedial notice to all 7,500 member-employees in the contractual Verizon statewide Pennsylvania bargaining unit. Among other things, the required notice would apprise member-employees that: the CWA had violated federal law in connection with its punishment of Irving and Eichner; the CWA would not punish or discipline member-employees like and for the same reasons it punished and disciplined Irving and Eichner, or for disobeying any CWA directive to engage in unprotected activity that would expose them to lawful discipline by Verizon; and the CWA would take the required remedial steps with respect to its violations vis-a-vis Irving and Eichner. The CWA refused to

2

provide the required notice, prompting the Board to file the instant application seeking enforcement of the order's notice provision.

Section 10(c) of the Act "charges the Board with the task of devising remedies to effectuate the policies of the Act." *NLRB v. Seven-Up Bottling Co. of Miami, Inc.*, 344 U.S. 344, 346 (1953). The Board's power to fashion remedies "is a broad discretionary one, subject to limited judicial review." *Fibreboard Paper Prods. Corp. v. NLRB*, 379 U.S. 203, 216 (1964). "[C]ourts of appeals 'should not substitute their judgment for that of the NLRB in determining how best to undo the effects of unfair labor practices.'" *Quick v. NLRB*, 245 F.3d 231, 254 (3d Cir. 2001) (quoting *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 899 (1984)). "The NLRB's choice of a remedy must be given 'special respect by reviewing courts,' and must not be disturbed 'unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act.'" *Id.* (citations omitted).

The CWA argues that the notice provision in the Board's order falls outside the wide ambit of the Board's remedial powers. It contends that requiring mailing of the notice to 7,500 employees, virtually all of whom were unaffected by the CWA's unfair labor practices arising out of the August 4-5, 2000 events, was punitive, and therefore an abuse of the Board's remedial discretion. The Board counters that we lack jurisdiction to consider the CWA's challenge to the order's notice provision because the CWA never

3

objected to that provision before the Board, and that even if we have jurisdiction, the Board did not abuse its discretion in requiring the notice.

We agree with the Board that it did not abuse its discretion in ordering the CWA to disseminate the notice. As the Board points out, the CWA's August 2000 ban on working mandatory overtime applied to all members of the Verizon statewide Pennsylvania bargaining unit, not just to Irving and Eichner. The CWA widely publicized its overtime directive against "forced or voluntary overtime" in an admitted effort "to reach as many people as we possibly could." Moreover, the CWA fully intended to enforce its overtime directive against any one of its members who failed to comply, and its officials in both eastern and western Pennsylvania filed internal union charges against members who worked mandatory overtime for Verizon.

This evidence is sufficient to support enforcement of the Board's order under our narrow scope of review. We therefore grant the Board's application to enforce its August 29, 2003 order.[1]

_____

[1]The Board also seeks affirmance of its underlying ruling that the CWA's actions respecting Irving and Eichner violated § 8(b)(1)(A) of the Act on grounds that the CWA does not seek review of that finding on appeal. We agree with the Board, and therefore affirm that underlying ruling. *See NLRB v. Konig*, 79 F.3d 354, 356 n. 1 (3d Cir. 1996) (affirming Board's finding that union committed unfair labor practices where union failed to object to that finding on appeal) (citation omitted).